UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCHAWN JAMES CRUZE,

    Plaintiff,

v.

BERNIE WARNER et al.,

    Defendant.

CASE NO. C13-5220 BHS-JRC

ORDER ON PENDING MOTIONS

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

On July 11, 2013, the Court entered an order that denied plaintiff's motion for appointment of counsel without prejudice and ordered plaintiff to inform the Court what steps he had taken to obtain information that he alleges the Department of Corrections is withholding from him (ECF No. 40). The Court's order gave plaintiff until August 16, 2013 to provide the Court with information (*id*.). Plaintiff has not filed a response and has instead filed a motion to amend the complaint and a motion to compel the Department of Corrections to "turn over all evidence related to my civil rights claims." (ECF No. 47).

Defendants have filed a motion to extend the time for filing a response because of counsel being unavailable (ECF No. 45). Defendants' counsel had previously filed a notice of unavailability (ECF No. 43). Defendants then filed responses to both of plaintiff's motions (ECF No. 48 and 49). The Court grants defendants' motion for an extension of time and will consider the responses to plaintiff's motions because the Court and plaintiff were on notice that defense counsel was not available.

1. Lack of response to an order to show cause.

When the Court enters an order directing a party to perform an act, failure of the party to obey the Court's order may result in sanctions. These sanctions may include a wide range of sanctions, such as limitations on discovery, monetary sanction, or even dismissal of actions. Plaintiff has failed to provide information to the Court when he was ordered to. The Court will not impose sanctions in this instance.

2. Motion to amend the complaint.

The Court denies plaintiff's motion to amend the complaint without prejudice. Local Rule 15 states:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If a motion or stipulation for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties within fourteen (14) days of the filing of the order granting leave to amend, unless the court orders otherwise.

Plaintiff alleges he is having difficulty getting any time in the prison library (ECF No. 44 page 1). While the lack of library time may excuse plaintiff's failure to follow the local rule, the Court still requires a proposed amended complaint because the Court will not allow improper

amendments. Plaintiff will have to supply a proposed amended complaint if he wishes the Court to consider a motion to amend.

In response to plaintiff's motion, defendants ask the Court to summarily dismiss three defendants who plaintiff states he wants to dismiss, but defendants ask that the remainder of the motion be denied because no proposed complaint was filed (ECF No. 48). The Court declines to file a Report and Recommendation to dismiss a party based on plaintiff's wish to file an amended complaint when the Court does not have the proposed complaint before it.

3. Motion to compel discovery.

Plaintiff's motion again fails to conform to this Court's rules. The Court will not consider the motion. A party bringing a motion to compel must certify that the parties have met and conferred and the party must follow several other procedures before the Court will consider a motion to compel. Because plaintiff alleges he is having trouble accessing the law library the Court will set forth the Local Rule:

Local Rule 37 states:

**(a) Motion for Order Compelling Disclosure or Discovery**

(1) *Meet and Confer Requirement.* Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in CR 11 of these rules.

(2) *Expedited Joint Motion Procedure.* A motion for an order compelling disclosure or discovery may be filed and noted in the manner prescribed in LCR 7(d)(3). Alternatively, the parties may, by agreement, utilize the expedited procedure set forth in this subsection. If the parties utilize this procedure, the

motion may be noted for consideration for the day the motion is filed. After the parties have conferred, a party may submit any unresolved discovery dispute to the court through the following procedure:

(A) The moving party shall be responsible for preparing and filing a joint LCR 37 submission to the court. An example of an LCR 37 submission is attached as Appendix B.

(B) The moving party may draft an introductory statement, setting forth the context in which the dispute arose and the relief requested. Each disputed discovery request and the opposing party's objection/response thereto shall be set forth in the submission. Immediately below that, the moving party shall describe its position and the legal authority which supports the requested relief.

The moving party shall provide the opposing party with a draft of the LCR 37 submission and shall also make the submission available in computer-readable format.

(C) Within seven days of receipt of the LCR 37 submission from the moving party, the opposing party shall serve a rebuttal to the moving party's position for each of the disputed discovery requests identified in the motion. The opposing party may also include its own introductory statement. The opposing party's rebuttal for each disputed discovery request shall be made in the same document and immediately following the moving party's statement in support of the relief requested. If the opposing party no longer objects to the relief requested, it shall so state and respond as requested within seven days from the date the party received the draft LCR 37 submission. If the opposing party fails to respond, the moving party may file the LCR 37 submission with the court and state that no response was received.

(D) The moving party's reply, if any, in support of a disputed discovery request shall follow the opposing party's rebuttal for such request in the joint submission and shall not exceed one half page for each reply.

(E) The total text that each side may contribute to a joint LCR 37 submission shall not exceed twelve pages. This limit shall include all introductory or position statements, and statements in support of, or in opposition to, a particular request, but shall not include the discovery request itself.

(F) Each party may submit declarations for the purpose of attaching documents to be considered in connection with the submission and to provide sufficient information to permit the court to assess expenses and sanctions, if appropriate. If a party fails to include information sufficient to justify an award of fees, it shall be presumed that any request for fees

has been waived. A declaration shall not contain any argument.

(G) The moving party shall prepare a proposed order that identifies each of the discovery requests at issue, with space following each of the requests for the court's decision. This proposed order shall be attached as a Word or Word Perfect compatible file to an e-mail sent to the e-mail orders address of the assigned judge pursuant to the court's Electronic Filing Procedures.

(H) The moving party shall be responsible for filing the motion containing both parties' positions on the discovery disputes, any declarations submitted by the parties, and the proposed form of order. The moving party shall certify in the motion that it has complied with these requirements. The submission shall be noted for consideration on the date of filing and shall be described as a "LCR 37 Joint Submission."

(I) If all parties agree to do so, they may use the expedited joint motion procedure for other types of motions, including but not limited to motions to seal, motions for relief from a deadline, and motions in limine. The timing and procedure shall be the same as set forth above except that (1) instead of setting forth the disputed discovery request and the opposing party's objection/response thereto, the moving party should set forth the relief requested and the legal authority that supports the requested relief, and (2) the moving party must submit a proposed order that sets forth the relief requested.

Because plaintiff is an inmate, the portion of the rule requiring him to submit his pleading in computer readable format does not apply. The Court does expect plaintiff to meet and confer telephonically or in person with defense counsel. Further, the Court expects plaintiff to set forth the discovery request and the answer to the request for each item that plaintiff wants the Court to consider.

The Clerk's Office is directed to remove ECF Nos. 44, 45, and 47 from the calendar.

Dated this 10th day of September, 2013.

J. Richard Creatura
United States Magistrate Judge