# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

SCHAWN JAMES CRUZE,

    Plaintiff,

v.

BERNIE WARNER et al.,

    Defendants.

CASE NO. C13-5220 BHS-JRC

ORDER

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

There are nine motions currently pending before the Court (ECF No. 57. 58, 59, 62, 66, 67, 75, 81, and 92). The Court will address the seven of those motions in this order (ECF No. 57, 58, 59, 62, 66, 81 and 92). The Court will also address the timing for considering the remaining two motions (ECF No. 67 and 75). The Court strikes defendant Paul's motion for summary judgment (ECF No. 81) because the motion was not accompanied by proper pro se warnings. Defendant has leave of Court to re-file the motion as discussed below. The Court also strikes plaintiff's most recent motion to compel discovery and for sanctions (ECF No. 91). Plaintiff's

motion does not comply with Local Rule 37. The Court supplied plaintiff with the text of Local Rule 37 in a prior order (ECF No. 51). The balance of the motions are discussed below.

DISCUSSION

1. Motion asking for discovery (ECF No. 57).

Plaintiff asks the Court to compel disclosure of documents and states that the parties have conferred (ECF No. 57). Defendants contest plaintiff's assertions that plaintiff has made a good faith effort to confer regarding the discovery in question (ECF No. 71, 72, and 73). In particular, defendants note that plaintiff was on notice that counsel was not available on several of the dates when plaintiff attempted to contact counsel by telephone and counsel notes that plaintiff did not call on October 1, 2013 when a call had been scheduled (ECF No. 73). Defendants contend that all discovery has been properly answered or defendants filed a proper objection (ECF No. 71). Defendants also note that plaintiff has failed to follow the Court's instructions to set forth the question plaintiff asked and the answer defendants gave when he files a motion to compel (*id*.).

The Court has broad discretionary power to control discovery. *Little v. Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). The Court accepts counsel's assertion that the parties have not conferred in good faith. Further, the Court specifically told plaintiff what the Court expected from him in a motion to compel discovery (ECF No. 51). The Court went so far as to set forth the text of Local Rule 37 so that plaintiff would have the rule and follow it in any future motion (*id*.). Local Rule 37(2)(b) requires a party moving to compel discovery set forth the question asked and the answer or objection to the question. Plaintiff's failure to set forth the question and the answer or objection compels the Court to deny his motion in part.

However, the Court's review of the file discloses that counsel made discovery documents available for plaintiff's inspection at the Attorney General's Office, a place where plaintiff would not be able to view them because he is incarcerated (ECF No. 72 ¶12). The Court finds that this

practice is unacceptable when dealing with a pro se incarcerated inmate. The Court orders counsel for defendants to make a copy of the redacted version of the one thousand and thirty-two pages of responsive documents defendant Cone supplied to them available for plaintiff to review at the facility where he is incarcerated.  After review plaintiff may pay the ten cent a page copy price for any documents he chooses to keep, or he may pay the ten cent a page price for the entire set of documents.  Plaintiff may also bring a motion to compel discovery regarding any redaction he believes improper, but any further motion regarding discovery must comply with Local Rule 37 or it will be struck and sanctions may be imposed.

      2.      Motion for a protective order.

Plaintiff asks the Court to issue a protective order because he alleges that defendants plan to have several Department of Correction employees present when he is deposed. Plaintiff alleges he will be further embarrassed and plaintiff alleges that he fears retaliation (ECF No. 58). The Court denies this motion as moot because the deposition took place on October 17, 2013. *See* Defendants' response (ECF No. 70).

      3.      Motion to amend the complaint.

Plaintiff asks the Court for leave to amend the complaint to dismiss defendant Vail and Glebe and to name the remaining defendants in both their individual capacity and their official capacity (ECF No. 59).  Plaintiff filed his motion a month after discovery in this action was closed and the motion is untimely. Fed. R. Civ. P. 15(a)(2) addresses this situation. While leave to amend should be freely given when justice so requires the Court finds that plaintiff's delay in bringing this motion militates against granting the motion.  The Court denies plaintiff's motion to amend the complaint.

      4.      Motion for an extension of time.

Defendants ask the Court for an extension of time to respond to the multiple motions plaintiff filed on October 15, 2013 (ECF No. 62). Defendants filed their responses before this motion was ripe for the Court's consideration (ECF No. 69 to 74). The Court then stayed the action for thirty days because of other motions. The Court will consider the pleadings filed and the motion for an extension of time is granted.

   5.   Motion to strike plaintiff's deposition.

Plaintiff asks the Court to strike his deposition, in part because settlement matters were discussed (ECF No. 66). Plaintiff then proceeds to place the terms of a proposed settlement that he would accept in a public document that he filed with the Court (ECF No. 66). Defendants have not offered any portion of plaintiff's deposition into evidence. Nor have defendants sought to admit any discussions regarding settlement for the Court's consideration. The Court finds plaintiff's motion is at odds with his own actions and the motion is denied. Further, if defendants offer any portion of plaintiff's deposition plaintiff will have the opportunity to object to the Court considering that portion of the deposition. Finally, plaintiff is instructed not to include settlement discussion or negotiations to the Court, as that is prohibited by ER 408.

   6.   Remaining motions.

The parties submitted a stipulated motion to dismiss defendants Vail and Glebe (ECF No. 67). The Court stayed this matter for thirty days to allow the parties to file reports regarding alleged misconduct. Now that the stay is over, the Court will prepare a Report and Recommendation regarding this stipulation.

Plaintiff has filed a motion to dismiss this entire action and stated he would not participate further in these proceedings (ECF No. 75 and 86). When the Court stayed the action the Court informed plaintiff that it would consider his motion to dismiss the case on December 27, 2013 if he did not withdraw the motion (ECF No. 85). Plaintiff has until December 27, 2013

to withdraw his motion. If plaintiff does not file a withdrawal of this motion by December 27, 2013, then the Court will act on plaintiff's request.

On November 6, 2013, the same day the Court stayed the action, defendant Lara Paul, who is represented by private counsel, filed a motion for summary judgment based on an alleged running of the statute of limitations (ECF No. 81). Defendant Paul did not provide plaintiff with notice of his obligation to oppose summary judgment under Fed. R. Civ. P. 56. *See*, *Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998). The Ninth Circuit requires that these warnings be given contemporaneous with certain dispositive motions. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (extending the fair notice requirement to motions to dismiss for failure to exhaust administrative remedies). The Court will not consider defendant's motion for summary judgment and directs the Clerk's office to remove ECF No. 81 from the Court's calendar. The Court gives defendant leave to re-file this motion and provide proper pro se warnings. Defendant's dispositive motion must be filed on or before January 17, 2014 and defendant should note the motion for February 14, 2014.

Plaintiff filed a motion for discovery and sanctions and he asks the Court to consider his motion before the Court considers defendant Paul's motion for summary judgment (ECF No. 91). Plaintiff's motion does not comply with Local Rule 37 and will not be considered by the Court. The Clerk's Office is instructed to strike this motion.

Dated this 24th day of December, 2013.

J. Richard Creatura
United States Magistrate Judge