UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCHAWN JAMES CRUZE,

            Plaintiff,

v.

BERNIE WARNER, et al.,

            Defendants.

CASE NO. C13-5220 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 102), and Plaintiff Shawn James Cruze's ("Cruze") objections to the R&R (Dkt. 103).

On January 17, 2014, Judge Creatura issued an R&R recommending that Cruze's motion to dismiss should be granted. Dkt. 102. On January 30, 2014, Cruze filed objections to the R&R, without arguing that Judge Creatura's conclusion was in error. Dkt. 103. On February 7, 2014, State Defendants responded, arguing that Judge Creatura's R&R should be adopted. Dkt. 105. They argue in part that the R&R should be adopted because, though he was given numerous chances, Cruze has never withdrawn his motion to dismiss. *Id.* at 1. Additionally, they argue that Cruze's objections do not

indicate that Judge Creatura erred in granting his motion to dismiss with prejudice. Dkt. 105.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In Cruze's objections, he does not challenge Judge Creatura's decision to grant his motion to dismiss, nor does he ask the Court to refrain from dismissing this matter. Dkt. 103. In fact, he again insists the Court should grant his motion because of the duress, mainly the retaliatory threats he was under from Defendants and their counsel, Assistant Attorney General, Victor Minjares ("Minjares"). *Id*. Cruze states in part "[m]y decision to dismiss my claim is, and has been perfectly clear." *Id*. at 1. Cruze makes new arguments related to these issues which are not part of his original dismissal motion. He argues he does not have access to the courts in retaliation for this suit. He also argues that he is threatened with placement outside Washington State, also in alleged retaliation for bringing this suit. *See* Dkts. 75 and 103. Cruze further asks that Judge Creatura recuse himself from the case because he has done nothing to protect Cruze's right to pursue his claims, and he seeks appointment of counsel. Dkt. 103.

As a preliminary matter, this matter is not currently pending before Judge Creatura. Therefore, recusal is unnecessary.

Judge Creatura's R&R properly concluded that Cruze's motion to dismiss should be granted and that dismissal should be with prejudice. Judge Creatura's R&R accurately

summarizes the procedural history of the case, while it was pending before him. In part, Judge Creatura stated:

> On October 28, 2013, plaintiff filed a motion to dismiss this action claiming that he had been threatened by defense counsel (ECF No. 75). Defendants filed motions to extend the deadline for filing dispositive motions and one defendant filed a dispositive motion (ECF Nos. 62, 80, and 81).
>
> Because of the serious nature of plaintiff's allegations, the Court granted defendants' motion to stay the action for thirty days while the Washington State Attorney General's Office investigated the matter (ECF No. 85). Following the investigation, the Assistant Attorney General who purportedly threatened plaintiff with retaliation withdrew from the action, and a different Assistant Attorney General took over the representation for the majority of defendants. One defendant is represented by private counsel and is not the subject of the allegation.
>
> In the order staying the action, the Court informed the parties that if plaintiff did not withdraw the motion, then the Court would consider plaintiff's motion to dismiss the entire action on December 27, 2013 (ECF No. 85, p. 2). Plaintiff filed a response to the motion asking to stay the action and stated he would not participate any further in this case (ECF No. 86). Yet, on the same day, plaintiff also filed a response to a pending motion for summary judgment in which he again stated that he was dismissing his claims (ECF No. 87).
>
> Plaintiff proceeded to file motions and re-enter the action and he filed pleadings on December 12, 2013 (ECF No. 91 and 92). Given the conflicting nature of plaintiff's filings, the Court again warned plaintiff that it would consider his motion to dismiss on December 27, 2013 if he did not withdraw the motion (ECF No, 96, p. 2). The Court stated:
>
>> Plaintiff has filed a motion to dismiss this entire action and stated he would not participate further in these proceedings (ECF No. 75 and 86). When the Court stayed the action the Court informed plaintiff that it would consider his motion to dismiss the case on December 27, 2013 if he did not withdraw the motion (ECF No. 85). Plaintiff has until December 27, 2013 to withdraw his motion. If plaintiff does not file a withdrawal of this motion by December 27, 2013, then the Court will act on plaintiff's request.
>
> *Id*.
>
> As on January 15, 2014, the Court has not received any filing that it can construe as a withdrawal of plaintiff's motion to dismiss this action. The only filing by plaintiff further addressing this issue was "Plaintiff's

response to Defendant's motion to hold case in abeyance" (ECF No. 86), in which plaintiff stated, among other things, that he wanted the Court to grant his motion to dismiss (*id.*).

Despite Cruze's contention that Judge Creatura did not act to ensure that his rights to pursue his claims were not interfered with by defense counsel, as reflected above, Judge Creatura took Cruze's allegations very seriously and stayed the action pending investigation by the Attorney General's Office. Additionally, Judge Creatura provided Cruze with a number of opportunities to withdraw his motion to dismiss the case, which Cruze refused to do.

Furthermore, upon review of submissions by the Attorney General's Office regarding the investigation into Minjares's conduct, Judge Creatura found that the defendants had addressed the concerns raised by him regarding the alleged threats to Cruze. Dkt. 102 (*citing* Dkts. 93 and 94). New counsel for the State Defendants, Assistant Attorney General Daniel J. Judge, states in his declaration that an investigation of plaintiff's charges revealed the following:

> I have also learned from this investigation that Mr. Minjares told Mr. Cruze that Deputy Prosecutor Teddy Chow stated that Mr. Cruze's pursuit of his litigation in this matter would ruin Mr. Cruze's chances of removing one of his three strikes and getting out of prison.

Dkt. 94 at 2. Judge Creatura found that Defendants had appropriately filed a reply to his inquiry, which indicated that neither the State Defendants nor the Attorney General's Office "authorize[d] or endorse[d] the statement made by Mr. Minjares during the October 22nd teleconference and consider it to be inappropriate." Dkt. 102 (*citing* Dkt. 93 at 4). Judge Creatura agreed with State Defendants and the Attorney General's Office

that such a statement is inappropriate, as it could chill Cruze's right to judicial review. *Id*. at 3.

Cruze continues to insist that he wants to dismiss the case despite the opportunities Judge Creatura provided to Cruze to withdraw the motion. Cruze also persists in his request to dismiss the case despite the Attorney General's investigation of Minjares's conduct in response to Judge Creatura's concerns about Cruze's allegations, Minjares's withdrawal from the case, the appearance of Daniel J. Judge as sole counsel for the State Defendants, as well as the State Defendants' response to Cruze's motion to dismiss, which states:

> Mr. Minjares' statement should not be the basis for dismissing Mr. Cruze's lawsuit. A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion. Dismissal must be "on terms that the court considers proper." Fed. R. Civ. freely and voluntarily, without threat or coercion. Otherwise, dismissal under Rule 41 would not be proper.

Dkt. 93 at 5-6. As noted above, in his objections, Cruze continues to argue that he has made himself "perfectly clear" and wants to dismiss his case. Dkt. 103 at 1. Cruze's insistence on dismissal in the midst of unsubstantiated complaints regarding continued duress based on Attorney General's Office's threat and other retaliation sends what some might call a conflicting message, insofar as there appears to be an attempt to intentionally confuse the Court as to the relief which he seeks. The Court, however, is not confused and finds Cruze's objections to Creatura's R&R without merit and his additional arguments untimely, and even if not untimely, unavailing. Given the progress of this case as outlined above, Judge Creatura's actions to ensure Cruze could pursue his claims

1 without interference, the Attorney General's Office's responsiveness to the issues raised 2 in this case and Cruze's continued refusal to withdraw his motion to dismiss, the Court 3 finds Cruze's motion to dismiss remains on the docket as a voluntary request by him. 4 Therefore, the Court concurs with Judge Creatura's reasoning and conclusion in the 5 R&R.

6 The Court having considered the R&R, Plaintiff's objections, and the remaining 7 record, does hereby find and order as follows:

8     (1)     The R&R is **ADOPTED**;

9     (2)     This action is **DISMISSED with prejudice**; and

10     (3)     The Clerk is directed to strike all pending motions.

11 Dated this 19th day of February, 2014.

                          BENJAMIN H. SETTLE
                          United States District Judge